IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JOSHUA D. MILLER,

      Plaintiff,

v.                              Civil Action No. 5:19CV212
                                            (STAMP)
RICK L. ASHTON,
TODD NEUMAN and
JAMES DONALD MILLER, JR.,

      Defendant.


**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND AND**
**GRANTING DEFENDANTS ASHTON AND NEUMAN'S MOTION TO DISMISS**

## I. Background

The plaintiff in this civil action, Joshua D. Miller ("Miller"), filed his complaint (ECF No. 1-1) against defendants Richard Lee Ashton (hereinafter "Ashton"), Todd Neuman (hereinafter "Neuman"), and James Donald Miller, Jr. (hereinafter "James") in the Circuit Court of Ohio County, West Virginia. ECF No. 1-7. According to plaintiff Miller's complaint, "[t]his case stems from the wrongful, fraudulent, and false action brought against Plaintiff by Defendants[,]" that was filed in the Court of Common Pleas, Belmont County, Ohio, and captioned as <u>Nancy K. Miller v. Joshua D. Miller, et al.</u>, 17-CV-425 [(hereinafter "Ohio action")]." ECF No. 1-1 at 4, 9. Plaintiff Miller asserts that the defendants "used a 78 year old woman to bring a lawsuit she did not want to bring and did not understand." <u>Id.</u> Plaintiff Miller further asserts that "[o]ne defendant, a family member, forced the lawsuit

under the ruse of Power of Attorney of his own mother so that he could continue to gather all of the assets of his father's estate. The two other defendants, Ohio lawyers, used the elderly woman, to bill nearly $100,000 in legal fees for a lawsuit she did not want to bring, did not understand, did not read before filing, and clearly disavowed under testimony in open court." Id.

Plaintiff Miller clarifies that he and defendant James are both the biological children of James D. Miller (hereinafter "J.D."), who is deceased, and Nancy K. Miller (hereinafter "Nancy"). Id. at 5. Plaintiff Miller states that J.D. put defendant James' name on a deed that effectively transferred half of a piece of approximately 120 acres of undeveloped real estate in Wheeling, West Virginia, and a month later, J.D. died. Id. at 6. Plaintiff Miller asserts that J.D. suffered substantial deterioration near the end of his life due to his long time medical diagnoses. Id. Plaintiff Miller states that some time between J.D.'s death and May 2015, David Croft, a lawyer who referred Nancy as a client to defendants Ashton and Neuman, drafted power of attorney paperwork, giving defendant James the power over Nancy's affairs. Id. at 5, 6. Plaintiff Miller further contends that defendant James convinced and/or tricked Nancy into signing a deed, transferring the remaining half of the 120 acres to him and his wife. Id. at 6. Plaintiff Miller alleges that Nancy has a will in effect that has been unchanged since 1988, in which she gives all

of her estate equally to her three children, and that she testified in Belmont County, Ohio that she and J.D. wanted each of her children treated the same. Id. Plaintiff Miller also alleges that defendant James: (1) collects rent on Nancy's childhood home, of which she owns half, but that he does not forward any portion of rent to Nancy; (2) transferred legal title to Nancy's personal motor vehicle into his own name; (3) continues to live in the former family home, rent free; and (4) wasted hundreds of thousands of dollars of estate money. Id. at 7. Plaintiff Miller then alleges that in 2017, Nancy signed two deeds transferring about 120 acres of property in Belmont County, Ohio to the plaintiff with reservation of oil and gas rights to Nancy. Id. Plaintiff Miller states that defendant James "badgered" Nancy and convinced her to sue the plaintiff for return of the property, and that defendants Ashton and Neuman relied on facts provided to them by defendant James, and not Nancy, when initiating, and throughout, the Ohio action. Id. at 8. Plaintiff Miller states that Nancy testified in the Ohio action that she did not understand the purpose of the action, did not intend to bring it, and did not read the materials associated with the action. Id. at 9. In the complaint, plaintiff Miller alleges claims of fraud (Count One); malicious prosecution (Count Two); abuse of process (Count Three); and defamation (Count Four). Id. at 12-16.

A.    <u>Motion to Remand</u>

Defendants Neuman and Ashton removed this civil action to this Court on July 5, 2019.  ECF No. 1.  In the notice of removal, defendants Neuman and Ashton assert that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. ECF No. 1 at 2-3.  Defendants Neuman and Ashton assert that although defendant James is a resident of West Virginia, like plaintiff Miller, he was fraudulently joined and/or mis-joined for the purpose of trying to defeat diversity jurisdiction; therefore, his consent is not required.  <u>Id.</u>  Specifically, in support of their contention that defendant James was fraudulently joined and/or mis-joined, defendants Neuman and Ashton state that: (1) this instant action is based on claims that the Ohio action was tortious, and the record is "clear" that defendant James was not a party to that action; (2) all the counts in plaintiff Miller's complaint are without merit with respect to defendant James; (3) defendant James will not be subject to the litigation privilege and thus any claim against him would involve separate and independent questions of fact and law; and (4) plaintiff Miller has made the same assertions of misconduct against defendant James in a separate action filed in the Circuit Court of Ohio County, West Virginia, captioned <u>Joshua D. Miller, individually and as potential heir of</u>

4

<u>Nancy K. Miller v. James D. Miller, Jr., individually and as Power</u> <u>of Attorney for Nancy K. Miller</u>, 18-C-76.  <u>Id.</u> at 4-14.

On August 2, 2019, plaintiff Miller filed a motion to remand, in which he asserts that complete diversity does not exist in this case, and so the action must be remanded.  ECF No. 9 at 5. Specifically, plaintiff Miller states that the fraudulent joinder argument fails since defendant James filed an answer and affirmative defenses, not a motion to dismiss, and due to Nancy's prior testimony.  <u>Id.</u>  Moreover, plaintiff Miller alleges that the case, <u>Joshua D. Miller, individually and as potential heir of Nancy</u> <u>K. Miller v. James D. Miller, Jr., individually and as Power of</u> <u>Attorney for Nancy K. Miller</u>, 18-C-76, is not "duplicitous" of this instant action.  <u>Id.</u> at 5-6.

Defendants Ashton and Neuman then filed a response in opposition to the plaintiff's motion to remand.  ECF No. 11. Defendants Ashton and Neuman first assert that plaintiff Miller does not have a claim against defendant James for the following reasons: (1) plaintiff Miller's malicious prosecution, abuse of process, and defamation claims are time-barred; (2) plaintiff Miller has failed to make the required specific allegations of false statements underlying his claims; and (3) plaintiff Miller has failed to allege the required elements of his claims against defendant James and therefore has no cognizable claims against defendant James.  <u>Id.</u> at 4-14.  Moreover, Ashton and Neuman contend

that defendant James' filing of an answer has no effect on whether federal jurisdiction is proper in this civil action for the following reasons: (1) a fraudulently joined defendant does not need to consent in order for other defendants to remove a civil action; (2) the propriety of removal must be analyzed on the basis of the state court complaint at the time of removal; and (3) the doctrine of fraudulent joinder allows a district court to disregard, for jurisdictional purposes, the citizenship of non-diverse defendants, assume jurisdiction over a case, and dismiss the non-diverse defendants. Id. Defendants Ashton and Neuman further note that in his answer, defendant James has asserted that plaintiff Miller has failed to state a claim against him. Id. at 15. Lastly, defendants Ashton and Neuman contend that plaintiff Miller has failed to join his claims against defendant James in a pending lawsuit against defendant James captioned as Joshua D. Miller, individually and as potential heir of Nancy K. Miller v. James D. Miller, Jr., individually and as Power of Attorney for Nancy K. Miller, 18-C-76; and therefore, he is precluded from raising such issues in this instant action. Id.

Plaintiff Miller then filed a reply. ECF No. 14. First, plaintiff Miller states that diversity jurisdiction does not exist since defendant James was not fraudulently joined. Id. at 1. Second, plaintiff Miller asserts that any alleged motive in filing this civil action is not relevant to the jurisdictional issue. Id.

Third, in addressing defendants Ashton and Neuman's contentions pertaining to the applicability of certain statutes of limitations, plaintiff Miller states that: (1) the defendants' collective actions constitute a continuous tort; (2) the statute of limitations has not run for the malicious prosecution claims because the underlying action was resolved less than one year ago; and (3) the statute of limitations for fraud is two years. <u>Id.</u> at 1-2. Moreover, plaintiff Miller asserts that whether a claim is barred by a statute of limitations is not relevant for deciding jurisdiction. <u>Id.</u> at 2. Fourth, plaintiff Miller alleges that the pending case <u>Joshua D. Miller, individually and as potential heir of Nancy K. Miller v. James D. Miller, Jr., individually and as Power of Attorney for Nancy K. Miller</u>, 18-C-76, involves different issues than the issues presented in this instant civil action. <u>Id.</u>

B. <u>Defendants Ashton and Neuman's Motion to Dismiss</u>

Prior to plaintiff Miller's filing of a motion to remand (ECF No. 8), defendants Ashton and Neuman filed a motion to dismiss the plaintiff's complaint (ECF No. 4) and a memorandum in support of the motion (ECF No. 5). In support of the motion to dismiss, defendants Ashton and Neuman first assert that the Court of Common Pleas rejected the same arguments that are raised by plaintiff Miller in this instant complaint. ECF No. 5 at 6. Specifically, defendants Ashton and Neuman state that a jury found in favor of Nancy and against plaintiff, on claims based on violations of West

Virginia and Ohio law related to theft and financial exploitation of an elderly person, and that Nancy was awarded damages, including attorneys' fees and costs. Id. Second, defendants Ashton and Neuman contend that they are immune from plaintiff Miller's claims due to the absolute litigation privilege. Id. at 7-10. Third, defendants Ashton and Neuman assert that there can be no finding of fraud in the prosecution of the Ohio action since the allegations in that action have been found legally sufficient as a matter of law by a court of competent jurisdiction, and a jury rendered verdicts against plaintiff Miller, finding him liable to Nancy for conversion, breach of fiduciary duty, violating West Virginia Code § 61-2-29b, violating Ohio Revised Code § 2913.21, acting in bad faith in violating Ohio Revised Code § 2913.21; and unjust enrichment. Id. at 11-12. Moreover, defendants Ashton and Neuman contend that plaintiff Miller fails to plead a fraud claim with the required particularity. Id. at 12. Fourth, defendants Ashton and Neuman state that plaintiff Miller has failed to state a claim for malicious prosecution due to his failure to allege any of the three elements required for such a claim. Id. at 14. Fifth, defendants Ashton and Neuman assert that plaintiff Miller has failed to state a claim for abuse of process because he does not allege an "improper use" of the Ohio court's process. Id. at 15. Sixth, defendants Ashton and Neuman contend that plaintiff Miller has failed to state a claim for defamation since the Court of Common

Pleas and a jury of that court concluded that the claims asserted in the Ohio action were meritorious. Id. at 16. Seventh, defendants Ashton and Neuman state that they are entitled to dismissal based on lack of personal jurisdiction since plaintiff cannot establish specific jurisdiction. Id. at 16-23.

Plaintiff Miller filed a response in opposition to defendants Ashton and Neuman's motion to dismiss. ECF No. 7. First, plaintiff states that defendants Ashton and Neuman are not entitled to the absolute litigation privilege due to the fraud exception, which also applies to allegations of malicious prosecution. Id. at 2-3. Second, plaintiff contends that he has sufficiently pled a claim for fraud, which is based on the allegation that defendants Ashton and Neuman relied on defendant James' representation of facts pertaining to the Ohio action and in light of Nancy's alleged testimony that she did not know about the lawsuit or participate in selecting defendants Ashton and Neuman in representing her. Id. at 3-4. Third, plaintiff Miller asserts that dismissal of his claims based on abuse of process and defamation is not warranted because "[t]he malice of Defendants here is their desire to pursue a claim to harm Miller while being definitely disproven by the open testimony of the alleged 'victim' of Miller." Id. at 5. Moreover, plaintiff Miller states "malice can also be found in the defamation claim in Count Four of the Complaint[,]" stating that defendants Ashton and Neuman continued to pursue their claims in the Ohio

action despite Nancy's statements, and "other additional facts." Id. at 5-6. Fourth, plaintiff Miller contends that this Court has personal jurisdiction over defendants Ashton and Neuman since: (1) the defendants transact business in West Virginia; (2) Nancy signed pertinent documents in West Virginia; and (3) the defendants took a deposition in West Virginia. Id. at 7-8. Therefore, plaintiff concludes, defendants Ashton and Neuman "purposefully availed themselves to the state of West Virginia for the purpose of profiting from their legal business. This deliberate conduct combined with the actions taken in West Virginia in continuing their lawsuit created a substantial connection with the forum state of West Virginia and therefore personal jurisdiction over Defendants is warranted." Id. at 8.

Defendants Ashton and Neuman filed a reply to plaintiff Miller's response in opposition to the defendants' motion to dismiss. ECF No. 10. First, defendants Ashton and Neuman assert that plaintiff Miller has failed to meet the required pleading standard since most of the complaint contains "nothing more than family history and conclusory allegations." Id. at 2-4. Second, defendants Ashton and Neuman state that plaintiff Miller has failed to state a claim for fraud since he fails to plead fraud with specificity, does not meet all the elements required for such a claim, and does not explain why the absolute litigation privilege would not apply. Id. at 4-6. Third, defendants Ashton and Neuman

assert that plaintiff Miller has failed to state a claim for malicious prosecution, noting that Nancy testified in support of the claims asserted in the Ohio action, and that the jury in the Ohio action rendered verdicts against the plaintiff. Id. at 6-8. Fourth, defendants Ashton and Neuman contend that plaintiff Miller has failed to state a claim for abuse of process, because he does not make an allegation of provable fact as to how they improperly used the process issued by the Court of Common Pleas of Belmont County, Ohio. Id. at 8-9. Fifth, defendants Ashton and Neuman state that plaintiff Miller has failed to state a claim for defamation since he has failed to allege the essential elements of the claim, and because the defendants are protected by the absolute litigation privilege. Id. at 9-10. Sixth, with respect to personal jurisdiction, defendants Ashton and Neuman maintain that even if plaintiff Miller's allegations are true, the plaintiff has not provided authority to counter their point that such activity is insufficient to assert specific personal jurisdiction. Id. at 11-12.

## II. Applicable Law

### A. Motion to Remand

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of

cases: (1) those involving federal questions under 28 U.S.C. § 1331; and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, 5:10CV127,

12

2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal.").

## B. Defendants Ashton and Neuman's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal Jurisdiction

When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving the existence of the grounds for jurisdiction by a preponderance of the evidence. Owens-Illinois, Inc. v. Rapid Am. Corp., (In re The Celotex Corp.), 124 F.3d 619, 628 (4th Cir. 1997) (citing Combs v. Bakkar, 886 F.2d 673, 676 (4th Cir. 1989)).

Under a "long-arm" statute, such as West Virginia Code § 56-3-33, a state may enable its courts to exercise personal jurisdiction over nonresidents that commit certain acts within the state, or certain acts outside of the state, that have caused injury within the state. See Lozinski v. Lozinski, 408 S.E.2d 310, 315 (W. Va. 1991) ("The intent and benefit of any long-arm statute is to permit the secretary of state to accept process on behalf of a nonresident and to view such substituted acceptance as conferring personal jurisdiction over the nonresident."). Because the West Virginia long-arm statute is coextensive with the full reach of the Due Process Clause of the United States Constitution, it is unnecessary to go through the normal two-step formula for

13

determining the existence of personal jurisdiction.  <u>In re Celotex Corp.</u>, 124 F.3d 619, 627-28 (4th Cir. 1997).  Instead, the "statutory inquiry merges with the Constitutional inquiry," and this Court must determine whether exercising personal jurisdiction is consistent with the Due Process Clause.  <u>Id.</u> at 628; <u>see</u> <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 291 (1980).

Due process requires that a defendant receive adequate notice of the suit and be subject to the personal jurisdiction of the court.  <u>Id.</u> (citations omitted).  The exercise of personal jurisdiction over a nonresident defendant is proper only so long as "minimum contacts" exist between the defendant and the forum state, "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice."  <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).

If the defendant's contacts within the forum state provide the basis for the suit, those conducts may establish "specific jurisdiction."  <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.</u>, 334 F.3d 390, 397 (4th Cir. 2003).  To determine whether specific jurisdiction exists, this Court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction

14

would be constitutionally 'reasonable.'" Id. (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002)).

If the defendant's contacts with the state are not the basis for the suit, however, then jurisdiction "must arise from the defendant's general, more persistent, but unrelated contacts with the state." Id. A plaintiff establishes general jurisdiction by showing that the defendant's activities in the state have been "continuous and systematic." Id. (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 & n.9 (1984)).

C.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is

not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

# III. <u>Discussion</u>

Where, as here, a motion to remand and a Rule 12(b)(6) motion to dismiss are both made, it is ordinarily improper to resolve the Rule 12(b)(6) motion before deciding the motion to remand. Therefore, this Court will first address plaintiff Miller's motion to remand (ECF No. 8) and will then address defendants Ashton and Neuman's motion to dismiss (ECF No. 4).

## A. <u>Motion to Remand</u>

There is no dispute as to the amount in controversy requirement under 28 U.S.C. § 1332(a). The only issue is whether defendant James was fraudulently joined by plaintiff Miller.

A defendant is fraudulently joined if a court finds that either "no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists." <u>AIDS Counseling and Testing Centers v. Group W. Television, Inc.</u>, 903 F.2d 1000, 1003 (4th Cir. 1990); <u>see also</u> <u>Hartley</u>, 187 F.3d at 424 ("To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."). If defendant James was fraudulently joined to the claims then total diversity of citizenship exists between the parties, and this Court has jurisdiction. Accordingly, the case could not be remanded to state court. Alternatively, if defendant James was not

17

fraudulently joined as a defendant, the case must be remanded to state court.  If there is "clear and convincing evidence" of "a real possibility that the plaintiff has stated a cause of action" against defendant James "after resolving all issues of fact and law in the plaintiff's favor[,]" then this Court would not find that defendant James was fraudulently joined.  Hartley, 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).  "A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted."  Marshall, 6 F.3d at 232-33 (citations omitted).  "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends."  Hartley, 187 F.3d at 426.  A claim of fraudulent joinder places a heavy burden on a defendant. See Marshall, 6 F.3d at 232.

As discussed below, this Court finds that defendant James was fraudulently joined.  Therefore, plaintiff Miller's motion to remand must be denied.

1.  Count One — Fraud

In order to plead a claim for fraud, a plaintiff must allege the following:

> (1) that the act claimed to be fraudulent was the act of
> the defendant or induced by him; (2) that it was material
> and false; (3) that plaintiff relied on it and was
> justified under the circumstances in relying upon it; and
> (4) that he was damaged because he relied on it.

Syl. Pt. 5, <u>Folio v. City of Clarksburg</u>, 221 W. Va. 397, 399 (2007) (quotation and citation omitted).

Under this standard, plaintiff Miller fails to adequately establish any fraud claim in this action. Specifically, plaintiff Miller has failed to plead in his complaint sufficient facts that indicate that he relied on any representations made by defendants Ashton and Neuman, and that he was damaged because of such reliance.

### 2. Count Two – Malicious Prosecution

Under West Virginia law, "[a]n action for malicious prosecution must be brought within one year of the <u>termination</u> of the action alleged to have been maliciously prosecuted." Syl Pt. 1, <u>McCammon v. Oldaker</u>, 205 W. Va. 24, 26 (W. Va. 1999) (emphasis added). Termination is defined as "the trial court's entry of its final order which terminates litigation between the parties and leaves nothing to be done but to enforce the execution of what has been determined." <u>Id.</u> at 32. The Ohio action was filed on December 20, 2017 (ECF No. 1-4; ECF No. 1-5) and plaintiff Miller was served on December 22, 2017 (ECF No. 1-4 at 3). The verdict in the Ohio action was entered on June 28, 2019 (ECF No. 1-4 at 18-19). Plaintiff Miller then filed this instant action in the Circuit Court of Ohio County on June 18, 2019 (ECF No. 1-1), which was later removed to this Court on July 5, 2019 (ECF No. 1). Indeed, defendants Ashton and Neuman indicate that "[a]t the time

19

[the plaintiff] filed [this instant complaint], June 18, 2019, the Belmont County action had not yet been submitted to the jury and no verdict rendered." ECF No. 11 at 10. Therefore, the statute of limitations does not prevent plaintiff Miller from asserting a malicious prosecution claim.

However, this Court believes that plaintiff Miller's claim for malicious prosecution fails to meet the pleading standards of Federal Rule of Civil Procedure 8(a)(2). Under West Virginia law, to maintain an action for malicious prosecution it is essential to prove (1) that the prosecution was malicious, (2) that it was without reasonable or probable cause, and (3) that it terminated favorably to plaintiff." Syl. Pt. 1, Preiser v. MacQueen, 177 W. Va. 273 (W. Va. 1985) (citing Lyons v. Davy-Pocahontas Coal Co., 75 W. Va. 739 (W. Va. 1915)). Here, plaintiff Miller did not allege sufficient facts that demonstrate that the filing of the Ohio action was malicious. Further, probable cause seems to have existed for the filing of the Ohio action, as the jury found that plaintiff Miller committed conversion, a breach of a fiduciary duty, violated West Virginia Code § 61-2-29b, violated R.C. § 2913.21, and that he was unjustly enriched. ECF No. 1-4 at 18-19. Accordingly, this Court finds that plaintiff Miller has failed to adequately establish a malicious prosecution claim.

### 3. Count Three — Abuse of Process

Similarly, an action for abuse of process must be brought within one year from the termination of the acts which constitute the abuse complained of. Syl. Pt. 3, <u>Preiser</u>, 177 W. Va. at 273. However, "[u]nlike an action for malicious prosecution where a legal termination of the prosecution complained of is essential, in an action for abuse of process it is not necessary." <u>Id.</u> at 280. "A cause of action for abuse of process has been generally held to accrue, and the statute of limitations to commence to run, from the termination of the acts which constitute the abuse complained of, and not the completion of the action in which the process issued." <u>Id.</u>

As stated above, the verdict of the Ohio action was entered June 28, 2019 (ECF No. 1-4 at 18-19), and the plaintiff filed this instant action in the Circuit Court of Ohio County on June 18, 2019 (ECF No. 1-1), which was later removed to this Court on July 5, 2019 (ECF No. 1). The plaintiff alleges that the claims in the Ohio action are alleged to be crimes of dishonesty and that those claims have been "definitively disproven and disavowed by the [Ohio action] plaintiff herself." ECF No. 1-1 at 14. The plaintiff states that the defendants had an opportunity to dismiss those claims but have not done so, continuing to abuse process against plaintiff Miller.

Given these allegations, the plaintiff's abuse of process claim is not barred by the statute of limitations. See Ali v. Raleigh County, 5:17-cv-03386, 2018 WL 1582722, at *11 (S.D. W. Va. Mar. 29, 2018) (finding a plaintiff's abuse of process claim is not barred by the statute of limitations since the plaintiff alleged that the defendants wrongfully arrested the plaintiff, and continued to do so as they conspired to coordinate their testimonies and failed to disclose exculpatory evidence).

However, like this Court's finding as to plaintiff Miller's malicious prosecution claim, this Court believes that the plaintiff's claim for abuse of process fails to meet the pleading standards of Federal Rule of Civil Procedure 8(a)(2).

"Generally, abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." Syl. Pt. 3, Williamson v. Harden, 214 W. Va. 77, 78 (W. Va. 2003) (quoting Preiser, 177 W. Va. at 279; Syl. Pt. 2, Wayne County Bank v. Hodges, 175 W. Va. 723, 724 (W. Va. 1985)).

The Preiser court differentiated an abuse of process claim from a malicious prosecution claim, stating:

> Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently in an action for abuse of process it is

unnecessary for the plaintiff to prove that the
proceeding has terminated in his favor, or that the
process was obtained without probable cause or in the
course of a proceeding begun without probable cause

. . .

The essential elements of abuse of process, as the tort
has developed, have been stated to be: first, an ulterior
purpose, and second, wilful act in the use of the process
not proper in the regular conduct of the proceeding. Some
definite act or threat not authorized by the process, or
aimed at an objective not legitimate in the use of the
process, is required; and there is no liability where the
defendant has done nothing more than carry out the
process to its authorized conclusion, even though with
bad intentions.  The improper purpose usually takes the
form of coercion to obtain a collateral advantage, not
properly involved in the proceeding itself, such as the
surrender of property or the payment of money, but the
use of the process as the threat or club.  There is, in
other words, a form of extortion, and it is what is done
in the course of negotiation, rather than the issuance or
any formal use of the process itself, which constitutes
the tort.

Preiser, 177 W. Va. at 278, n. 8 (quoting W. Prosser, Handbook of

the Law of Torts § 121 (1971) (emphasis added); see also Southern

States Cooperative Inc. v. I.S.P. Co., Inc., 198 F. Supp. 2d 807,

816 (finding that payment of attorney fees and other expenses

associated with the litigation do not prevent dismissal of an abuse

of process counterclaim).

Here, plaintiff Miller has failed to allege sufficient facts

indicating that any of the defendants willfully abused the process

after the filing of the Ohio action.  Specifically, plaintiff

Miller has failed to allege facts that indicate that any of the

defendants engaged in "forms of extortion" that West Virginia law

requires.  Therefore, plaintiff Miller has failed to allege an abuse of process claim upon which relief can be granted.

    4.  Count Four — Defamation

    Under West Virginia law, "[a]n action for defamation is subject to a one-year statute of limitations." Garrison v. Herbert J. Thomas Mem'l Hosp. Ass'n, 190 W. Va. 214, 221 (W. Va. 1993) (citations omitted).  "[I]n defamation actions, the period of the statute of limitations begins to run when the fact of the defamation becomes known, or reasonably should have become known, to the plaintiff." Padon v. Sears, Roebuck & Co., 186 W. Va. 102, 105 (W. Va. 1991).

    The Ohio action complaint was filed on December 20, 2017. See ECF No. 1-4; ECF No. 1-5.  Plaintiff Miller was served with the Ohio action complaint on December 22, 2017 (see ECF No. 1-4 at 3) and filed the instant action on June 18, 2019.  ECF No. 1-1.

    Plaintiff Miller asserts that the defendants' collective actions constitute a collective tort. The concept of continuing tort requires a showing of repetitious, wrongful, conduct.

    However, even if this Court were to assume without deciding that plaintiff Miller's defamation claim is not time-barred and that the continuous tort theory applies, his defamation claim should be dismissed because the plaintiff fails to meet the pleading standards of Federal Rule of Civil Procedure 8(a)(2).

Under West Virginia law, a plaintiff seeking to prove a defamation action must establish the following elements: "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." Crump v. Beckley Newspapers, Inc., 173 W. Va. 699 (W. Va. 1984). Therefore, in order to survive a motion seeking to dismiss his defamation claim, plaintiff Miller must have pled sufficient facts as to each of the elements such that the Court can find his claim plausible on its face.

As to the first element of his claim, plaintiff Miller must allege that defamatory statements were made against him. "A statement may be described as defamatory 'if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" Crump, 173 W. Va. at 706 (citing Restatement (Second) of Torts § 559 (1977)). Moreover, "[d]irect defamatory statements are not an absolute prerequisite to recovery, [] because defamation may also be accomplished through inference, implication, innuendo, or insinuation." Id.

Here, plaintiff Miller alleges that defendant James pressured Nancy to file the Ohio action. ECF No. 1-1 at 8. Without specifying particular statements made in the Ohio action, plaintiff Miller states that the Ohio action complaint "contains numerous

false statements which were against any and all evidence presented during the prosecution of the [Ohio action] lawsuit." ECF No. 1-1 at 9. Because defamatory statements do not need to be direct, the allegations asserted in the Ohio action could defame plaintiff Miller. Specifically, the Ohio action complaint asserted that plaintiff Miller: (1) fraudulently misappropriated tens of thousands of dollars from his father's trucking company; (2) fraudulently used a credit card in his mother's name and defaulted on the credit card agreement; and (3) defrauded his mother into transferring real estate to him. ECF No. 1-5 at 5-7. Plaintiff Miller's esteem in the community could decline based on such allegations; trust in him could dwindle so that others may not want to associate with him. Therefore, although a close question due to the brevity of facts alleged in the complaint, plaintiff Miller has sufficiently alleged the first element of his defamation claim.

The second element of a defamation claim requires that the defamatory statements be a nonprivileged communication to a third party. There are absolute privileges and qualified privileges. "Absolute privilege[s] [are] limited to those situations 'where there is an obvious policy in favor of permitting complete freedom of expression, without any inquiry as to the defendant's motives.'" Crump, 173 W. Va. at 706 (citing W. Prosser, The Law of Torts § 796 (1964)). "With a few exceptions . . . absolutely privileged communications are limited to legislative, judicial and quasi-

judicial proceedings and other acts of the State." <u>Parker v. Appalachian Electric Power Co.</u>, 126 W. Va. 666, 672 (W. Va. 1944). The privilege "protects a party to a private litigation . . . from liability for defamation irrespective of his purpose in publishing the defamatory matter, of his belief in its truth or even his knowledge of its falsity." <u>Collins v. Red Roof Inns., Inc.</u>, 566 S.E.2d 595, 599 (2002) (citing Restatement (Second) of Torts § 587, cmt. a).

Plaintiff Miller seems to allege that defendant James used defendants Ashton and Neuman to spread defamatory statements against the plaintiff "in the Complaint and continue[d] to be made in further pleadings in the [Ohio action]." ECF No. 1-1 at 15. However, based on the law set forth above, any potentially defamatory statements made by defendants Ashton and Neuman during the Ohio action cannot be considered nonprivileged communications. Therefore, plaintiff Miller has failed to allege sufficient factual matter to state a plausible claim for relief on this element of his defamation claim.

This Court notes that plaintiff Miller has also failed to show that certain defamatory statements are false as the jury in the Ohio action found that plaintiff Miller was liable to Nancy for conversion, breach of fiduciary duty, violating West Virginia Code § 61-2-29b, violating Ohio Revised Code § 2913.21, acting in bad

faith in violating Ohio Revised Code § 2913.21; and unjust enrichment. ECF No. 1-4 at 18-19.

Thus, because plaintiff Miller has failed to sufficiently allege claims based on fraud, malicious prosecution, abuse of process, or defamation, this Court finds that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant James. Therefore, this Court finds that defendant James was fraudulently joined, and the plaintiff's motion to remand must be denied. This Court dismisses non-diverse defendant James as a defendant and retains jurisdiction over this civil action. See Johnson v. American Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015) ("[T]he fraudulent joinder doctrine 'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'") (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)).

B.   Defendants Ashton and Neuman's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal Jurisdiction

In support of exercising personal jurisdiction, plaintiff Miller alleges that defendants Ashton and Neuman performed work and services in West Virginia throughout the time period the Ohio action was pending, providing legal services in West Virginia. ECF No. 7 at 7. Specifically, plaintiff Miller indicates that Nancy

signed pertinent documents related to the Ohio action in West Virginia, and that defendants Ashton and Neuman took depositions in West Virginia. Id. at 7-8.

Defendants Ashton and Neuman mainly assert that their actions in West Virginia were created by plaintiff Miller and not the defendants, citing case law pertaining to personal jurisdiction over out-of-state defendants who have represented clients in forum states. ECF No. 5 at 16-18; ECF No. 10 at 12.

There is ample support in case law that "providing out-of-state representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of the state in which a client resides." Capital Markets Corp., v. Raymer LLC, 2:10-cv-00116, 2011 WL 1259053, at *3 (S.D. W. Va. Mar. 30, 2011) (quoting Cape v. von Maur, 932 F. Supp. 124, 128 (D. Md. 1996)). Moreover, "[w]hen a case involves legal representation by an out-of-state law firm, courts emphasize the importance of . . . who initiated the contact." Masselli & Lane, P.C. v. Miller & Schuh, P.A., 215 F.3d 1320, at *2 (4th Cir. 2000) (unpublished table decision). However, a defendant who reaches out to the forum state may still lack the necessary connection to establish personal jurisdiction. Stover v. O'Connell Associates, Inc., 84 F.3d 132 (4th Cir. 1996) (finding that a defendant could not reasonably have anticipated being haled into court by occasionally telephoning investigation firms within the forum state and where no employees

were present in the forum state); see also Cape v. von Maur, 932 F. Supp. at 928 (holding that out-of-state attorney-defendants did not direct their actions at the forum state when their contact resulted from the plaintiff's residency in the forum state). "Th[e] inquiry is directed at addressing the Supreme Court's instruction to consider whether the defendant has purposefully directed activities toward the forum state 'in more than a random, fortuitous, or attenuated way.'" City Capital Markets Corp., 2011 WL 1259053, at *4 (citing Allen v. James, 381 F. Supp. 2d 495, 497 (E.D. Va. 2005) (finding that telephone calls and other forms of correspondence directed at the forum state were sufficient to confer personal jurisdiction when the attorney-defendants agreed to represent the plaintiffs in litigation involving an accident that occurred within the forum state)). Case law has emphasized the importance of where the out-of-state attorneys perform their work. See Clark v. Milam, 830 F. Supp. 316, 323 (S.D. W. Va. 1993) (emphasizing that the subject law firms were to perform legal work connected with proceedings in their own states — not the forum state).

Here, defendants Ashton and Neuman entered into a contract to perform certain services for a resident of West Virginia. However, the underlying action occurred in Ohio and much of the services provided by defendants Ashton and Neuman seem to have occurred in Ohio, with the final resolution of the action in Ohio. Although plaintiff Miller names an occurrence where defendants Ashton and

Neuman traveled to West Virginia, the defendants clarify that they traveled to the office of plaintiff Miller's counsel in order to conduct a deposition pertaining to the Ohio action. As defendants Ashton and Neuman correctly indicate in their reply to their motion to dismiss (ECF No. 10), this link to West Virginia was created by plaintiff Miller. This Court finds that plaintiff Miller has not met his burden of proving the existence of grounds for personal jurisdiction by a preponderance of the evidence. This Court agrees with the majority of precedent that "providing out-of-state legal representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of the state in which the client resides." Cape v. von Maur, 932 F. Supp. at 128 (citations omitted).

C.   Defendants Ashton and Neuman's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim

However, even if this Court were to assume that it has personal jurisdiction over defendants Ashton and Neuman, this Court finds that defendants Ashton and Neuman's motion to dismiss should be granted. In addressing their motion, this Court extends the analysis set forth above with respect to the fraudulent joinder issue. Specifically, this Court finds that plaintiff Miller has failed to allege claims based on fraud, malicious prosecution, abuse of process, and defamation upon which relief can be granted.

Furthermore, this Court finds that defendants Ashton and Neuman are entitled to absolute immunity with respect to plaintiff Miller's defamation and abuse of process claims due to the litigation privilege.

The litigation privilege is generally applicable to bar a civil litigant's claim for civil damages against an opposing party's attorney if the alleged act of the attorney occurs in the course of the attorney's representation of an opposing party and is conduct related to the civil action." <u>Clark v. Druckman</u>, 218 W. Va. 427, 434 (W. Va. 2005). "Further, the litigation privilege generally operates to preclude actions for civil damages arising from an attorney's conduct in the litigation process." <u>Id.</u> at 435. "[The litigation privilege] extends to all statements or communications in connection with the judicial proceeding . . . as long as the communications are related to the prospective judicial action." <u>Collins</u>, 211 W. Va. at 462 (quoting <u>Hawkins v. Harris</u>, 141 N.J. 207, 216 (N.J. 1995). Importantly, "the litigation privilege extends beyond claims of defamation to claims of abuse of process." <u>Barefield v. DPIC Companies, Inc.</u>, 215 W. Va. 544, 560 (W. Va. 2004).

In this civil action, defendants Ashton's and Neuman's actions and communications at issue with respect to the defamation and abuse of process claims were performed in their role as attorneys for Nancy in the Ohio action, and plaintiff Miller has not

presented sufficient evidence to the contrary. In fact, plaintiff Miller's complaint attaches and refers to the actions of defendants Ashton and Neuman as they relate to the underlying Ohio action.

However, this Court notes that defendants Ashton and Neuman are not entitled to absolute immunity with respect to plaintiff Miller's fraud and malicious prosecution claims. See Clark, 218 W. Va. at 434 ("[A] fraud claim against a lawyer is no different from a fraud claim against anyone else . . . [T]he fact [a lawyer] committed fraud in the capacity of attorney for a client does not relieve him of liability."); Barber v. Sedgwick Claims Management Services Inc., 3:14-27349, 2017 WL 1027593, at *3 (S.D. W. Va. Mar. 16, 2017) ("[The] absolute litigation privilege does not extend to acts of fraud or malicious prosecution."). However, as explained above, since plaintiff Miller has failed to sufficiently plead his claims of fraud and malicious prosecution, those claims are dismissed as well.

Accordingly, this Court grants the motion to dismiss of defendants Ashton and Neuman (ECF No. 4).

## IV. Conclusion

For the above reasons, this Court finds that defendant James Donald Miller, Jr. was fraudulently joined, and therefore, must be DISMISSED from the above-styled action. Consequently, this Court finds that it has subject matter jurisdiction in this civil action under 28 U.S.C. § 1332(a). Accordingly, the motion to remand of

plaintiff Joshua D. Miller (ECF No. 8) is DENIED.  Moreover, the motion to dismiss of defendants Rick L. Ashton and Todd Neuman (ECF No. 4) is GRANTED.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    October 21, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE